## Post *v.* Vetter.

Although it is not competent for a tenant to prove by parol that the landlord, at the time a written agreement for the letting and hiring was entered into, also agreed to repair the premises; yet a subsequent parol agreement by the landlord to repair, made *upon a new and sufficient consideration,* moving him thereto, may be proved, and the tenant may recover for the breach of such parol agreement.

It is settled in this state, that a landlord is not bound to keep the demised premises in a tenantable condition, unless he has so expressly agreed. There is no such *implied* covenant, and if the lease is silent respecting the matter, the tenant is subjected to the hazard of the premises being or becoming untenantable.

The papers in this case are not on file. The action appears to have been brought in one of the district courts, by a tenant against his landlord, for the breach of a covenant or promise to repair the demised premises, alleged to have been made at a period subsequent to the original agreement for the letting; and for damages resulting to the tenant from the untenantable condition of the premises, and from an alleged eviction from a part thereof.

Evidence of the subsequent parol agreement was excluded, and the defendant had judgment, from which the plaintiff appealed.

By the Court. Woodruff, J.—I think the justice erred in refusing to allow the plaintiff to prove that the defendant had agreed with his tenant to repair the demised premises.

Post *v.* Vetter.

Such an agreement was not necessarily connected with the agreement by which the premises were let to the plaintiff. It is entirely competent for landlord and tenant, during a tenancy created by writing, or even by deed under seal, to enter into an independent parol agreement in relation to repairing the premises, upon a sufficient consideration, and such an agreement may be proved by parol. Such an agreement does not necessarily alter the written instrument, and in the present case, if it be assumed that the letting was in writing, which was not proved, there was no evidence that the subject of repairs entered into the written lease in any form. There is nothing in the mere fact that the parties stand to each other in the relation of landlord and tenant under a written lease, which prevents their making a valid parol agreement with each other on any subject not embraced within the provisions of such lease, whether it be for *repairing* the premises or making an *alteration* therein, provided such new agreement be upon some new consideration sufficient to support it. From the aspect of the case, *so far* as it was *developed* by the pleadings and the evidence which was received, it appears to me very doubtful whether the plaintiff could have proved any such binding agreement, and it is unfortunate that the testimony was excluded, because, had the testimony been received, and the fact also elicited that the letting was under seal, it might then have been plain that the agreement, if any was made, had no consideration to support it, or for other reasons was of no binding effect; but there seems, in the present aspect of the case, no alternative but to reverse the judgment.

I do not think there was any error in holding that the landlord was not bound to keep the premises in tenantable condition, unless he had so expressly agreed. There is no such *implied* covenant or agreement on his part. If the agreement is silent respecting the matter, the tenant runs the hazard of the premises being or becoming untenantable. The case cited by the appellant's counsel (*Cleves* v. *Willoughby*, 7 Hill, 83) shows this, and I apprehend it is perfectly well settled in this state.

That case also shows that if the *letting* was in *writing* a parol promise, by the landlord, to repair, made at the same time, could not be received in evidence.

Nor do I think that the plaintiff showed anything amounting to an eviction.     *     *     *

But upon the ground first named the judgment must be reversed.

Judgment reversed.